ADMIRAL INSURANCE COMPANY, et al., Plaintiffs,

v.

NATIONAL CASUALTY COMPANY, et al, Defendants.

Civ.A. No. 90–94 (CRR).

United States District Court, District of Columbia.

June 24, 1991.

Valerie L. Tetro and Joseph F. Cunningham of Joseph F. Cunningham & Associates, Washington, D.C., for plaintiff.

Frank W. Dunham, Jr. of Cohen, Getting, Alper and Dunham, Washington, D.C., for intervenor plaintiffs, Hempen, Keiser and Lueckenhoff.

Larry S. Gondleman of Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for intervenor plaintiffs, Hegarty and Wilson.

James W. Hopper of Parvin, Wilson, Barnett & Hopper, Richmond, Va., for defendant Nat. Cas. Co.

Martin Stanley Protas of Protas & Spivok, Bethesda, Md. and Stephen J. Schlegel and Sonia V. Odarczenko of Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for defendant Financial Benefits Ins. Co.

Donald W. Gilberg and Elizabeth A. Goodman of Gilberg & Kurent, Washington, D.C., for defendant Forum Ins. Co.

MEMORANDUM OPINION OF CHARLES R. RICHEY UNITED STATES DISTRICT JUDGE

CHARLES R. RICHEY, District Judge.

The Court has before it two separate motions to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2), or in the alternative, for permissive intervention under Fed. R.Civ.P. 24(b)(2), filed by five Federal Bureau of Investigation ("FBI") agents seeking to become plaintiff-intervenors in the above-captioned case. After careful consideration of the instant motions, the un-

derlying law, and the entire record herein, the Court shall grant the parties' requests for intervention as of right.

## I. Background

The plaintiff in this case, Admiral Insurance Company ("Admiral"), is a provider of professional liability policies to insure various FBI agents against work-related liabilities. Admiral brought suit against the defendants National Casualty Insurance Company, Financial Benefits Insurance Company ("Financial Benefits"), and Forum Insurance Company ("Forum"). The basis of Admiral's claims is that it has provided legal defense for more than twenty FBI agents involved in the on-going *Rochon* litigation.[1] Admiral alleges that a number of the FBI agents have liability insurance with the defendants. Admiral seeks a declaratory judgment and decree that the insurance policies issued by the defendants require them to defend their insured, and asks the Court to order the defendants to contribute to the total costs of the defense of their insureds.

The movants, who were named as defendants in the underlying *Rochon* litigation, seek to intervene in this action to enforce their rights under the terms and conditions of the insurance contracts issued to them by the defendants National Casualty and Financial Benefits. Edward R. Hegarty and Michael D. Wilson jointly filed one motion to intervene and the other was jointly filed by David A. Hempen, Terry L. Keiser and William G. Lueckenhoff.

## II. Analysis

■ Rule 24 of the Federal Rules of Civil Procedure provides for intervention as of right:

when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposi-

tion of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*See* Fed.R.Civ.P. 24(a)(2). An applicant for intervention as of right must demonstrate: (1) the timeliness of the motion; (2) a cognizable interest in the action; (3) impairment of the interest; and (4) the lack of adequate representation in the lawsuit. *Williams and Humbert, Ltd v. W. & H. Trade Marks Ltd.*, 840 F.2d 72, 74 (D.C.Cir.1988); *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C.Cir.1986).

■ The issue of timeliness of intervention is within "the sound discretion of the trial court," and "a court should be more reluctant to refuse when intervention is sought of right." *Williams & Humbert*, 840 F.2d at 74–75. The major substantive issues in this case have not yet been argued or resolved, and the movants filed their motions promptly. Therefore the instant motions are timely.

■ To show a cognizable interest in the subject matter of this lawsuit, a prospective intervenor must "allege a legally sufficient claim or defense;" the issue is "not whether the applicant is likely to prevail on the merits." *Id.* at 75 (citing *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1291 (D.C.Cir.1980). Admiral has asked this Court to determine the liability of the defendants to their policyholders on their insurance contracts. The prospective intervenors are facing substantial costs for their legal defense in the *Rochon* litigation, and a large portion of the costs have not been reimbursed.[2] The defendants have not contributed to the costs of defending the intervenors, and this action will determine their right to reimbursement from the defendants. Accordingly, the intervenors have a strong interest in the subject matter of this action and a clear

---

1. *See Rochon v. FBI*, 691 F.Supp. 1548 (D.D.C.1988).

2. Hegarty and Lueckenhoff and Keiser are not insured by plaintiff Admiral. However, their legal defense in the *Rochon* litigation has been provided by the same law firms hired by Admi-

ral to defense its insureds, Wilson and Hempen. Although Admiral may have had no duty to provide a legal defense for Hegarty, Lueckenhoff and Keiser, those intervenors apparently enjoyed incidental benefits from the legal services provided by Admiral.

right to protect that interest. *See Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967) (stating that the cognizable interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process"). Moreover, allowing the intervenors in this suit may obviate future litigation to protect their interests. *See Natural Resources Defense Council v. Costle*, 561 F.2d 904, 911 (D.C.Cir.1977).

As the intervenors made clear in demonstrating their cognizable interest in the subject matter of this action, they seek recovery against the defendants on grounds similar to the plaintiff Admiral. It follows that the intervenors' interests could be impaired or impeded by the disposition of this case. *See Williams & Humbert*, 840 F.2d at 77.

Finally, the intervenors show that their interests are not adequately represented by existing parties. "The original burden intervention have the burden of persuasion to show representation for the applicants is adequate. *American Tel. & Tel.*, 642 F.2d at 1294. Neither Hegarty nor Keiser and Lueckenhoff have any insurance contract with Admiral. Thus, Admiral has no interest in protecting the interests of those intervenors. As to applicants Wilson and Hempen, Admiral has paid only a portion of the costs incurred by their legal defenses, and Admiral now seeks to recover those portions from the defendants. Wilson and Hempen seek to recover the full costs of their defenses from the defendants, and therefore they are not adequately represented by Admiral.

For all of the foregoing reasons, the Court shall grant the applicants' motions to intervene as of right[3] in this case.

---

**3.** Even assuming, *arguendo,* that the applicants failed to meet the test for intervention as of right, Hempen, Keiser and Lueckenhoff are clearly entitled to permissive intervention. Those applicants have demonstrated an independent jurisdictional basis for their respective claims, and their claims have questions of law and fact in common with the main action. *See* Fed.R.Civ.P. 24(b)(2).